IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

RICKY D. GRAY                                                         PLAINTIFF

V.                              CASE NO. 1:17-CV-7-BD

NANCY A. BERRYHILL, Acting Commissioner,
Social Security Administration                                        DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff Ricky D. Gray has appealed the final decision of the Commissioner of the Social Security Administration denying his claims for disability benefits and supplemental security income. Both parties have submitted appeal briefs, and the case is ready for decision.[1]

### I.  Background:

Mr. Gray alleges that he became limited in his ability to work due to breathing problems, right elbow pain, and hearing loss. (SSA record at 102, 273) After conducting a hearing, the Administrative Law Judge[2] ("ALJ") concluded that Mr. Gray had not been under a disability within the meaning of the Social Security Act ("the Act") at any time from March 10, 2014, through January 7, 2016, the date of the decision.[3] (*Id*. at 52) The

---

[1] The parties have consented to the jurisdiction of the Magistrate Judge. (Docket #4)

[2] The Honorable David J. Manley.

[3] At the hearing, the ALJ agreed to re-open Mr. Gray's prior claim, dated September 8, 2013. (SSA record at 38) Ultimately, however, the ALJ was unable to re-open the prior claim because benefits had been denied as a result of work activity and earnings. (*Id*.)

1

Appeals Council denied a request for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (*Id*. at 1-5) Mr. Gray then filed his complaint initiating this appeal. (Docket entry #2)

Mr. Gray was 55 years old at the time of the hearing and lived with his wife and nine-year-old granddaughter. (SSA record at 63, 69) Mr. Gray had a ninth grade education and past work as dump-truck driver and construction laborer. (*Id*. at 51)

## II.     The ALJ's Decision:

The ALJ determined that Mr. Gray had not engaged in substantial gainful activity since March 10, 2014, and that his affective disorder and substance abuse disorder were severe impairments; but, he did not have an impairment or combination of impairments that met a listing. (*Id*. at 41-42) He further found that Mr. Gray's allegations regarding the intensity, persistence, and limiting effects of his symptoms were not entirely credible. (*Id*. at 50)

Based on these findings, the ALJ concluded that, during the relevant time period, Mr. Gray retained the residual functional capacity ("RFC") for unskilled work at all exertional levels. He could perform work where interpersonal contact is incidental to the work performed; tasks should be no more complex than those learned and performed by rote, with few variables and require little judgment; and any supervision required is limited to simple, direct, and concrete. (*Id*. at 44-45)

**III.   Discussion:**

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Papesh v. Colvin*, 786 F.3d 1126, 1131 (8th Cir. 2015); see also 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind would accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Phillips v. Astrue*, 671 F.3d 699, 702 (8th Cir. 2012). Substantial evidence on the record *as a whole* requires a court to take into account record evidence that fairly detracts from the ALJ's decision. *Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted). Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision." *Id*.

Mr. Gray complains that the ALJ erred in failing to find his neck pain and hearing loss to be severe impairments. (#11 at 6-9) The Commissioner responds that, because the evidence did not demonstrate that either condition significantly limited Mr. Gray's ability to perform the basic, physical demands of work, the ALJ properly concluded that these impairments were not severe. (#12 at 4-5)

The claimant has the burden of proving that an impairment is severe, which, by definition, causes more than a minimal limitation in the claimant's ability to do basic work activities. *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006); 20 C.F.R. §§ 404.1521(a), 404.922(a). If the impairment would have no more than a minimal effect on

3

the claimant's ability to do work, then it is not considered a severe impairment. *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007).

Mr. Gray argues that neck pain is one of his "primary impairments." He did not specify neck pain as a physical condition that limited his ability to work, however, at the time he applied for benefits; or when he completed his function reports and pain questionnaires. (SSA record at 273, 292, 301, 307, 311, 319, 361, 412)

As the ALJ notes, Anandaraj Subramanium, M.D., who performed a consultative examination of Mr. Gray's physical limitations, observed that Mr. Gray's range of motion was either normal or that his limitations were unremarkable: his straight leg raise test was negative; his gait was normal; and he could ambulate without assistance. Dr. Subramanium observed no muscle weakness or atrophy, and no muscle sensory abnormalities. (*Id*. at 412-16)

In May and June, 2015, Mr. Gray was treated by Stacy Armstrong, D.O. Mr. Gray reported neck and back pain; and on examination he had a "slight tenderness" in his cervical spine. (*Id*. at 442-47) She recommended physical therapy. (*Id*.) The record indicates that Dr. Armstrong only treated Mr. Gray on these two occasions, and there is no indication that Mr. Gray ever pursued physical therapy.

Several months later, in March, 2016, Dr. Armstrong assessed Mr. Gray's ability to work, at his lawyer's request, and found him limited. The ALJ did not err, however, in discounting Dr. Armstrong's opinion considering her minimal treatment of Mr. Gray before completing the assessment questionnaire. See *Randolph v. Barnhart*, 386 F.3d

835, 840 (8th Cir. 2004) (discounting the opinion of a physician who had met with patient on only three occasions when he filled out checklist); see also 20 C.F.R. § 416.927(c)(2)(ii) (the longer a treating source has treated a claimant and the more times the claimant has been seen by a treating source, the more weight to be given to the source's medical opinion).

Mr. Gray was evaluated at the University of Arkansas Medical Sciences three days before the ALJ's decision. On examination, Mr. Gray had normal bulk and tone; normal range of motion in both extremities; and no tenderness to palpation of the lumbar, cervical, or thoracic spine. (*Id*. 481) An MRI showed a disc bulge at C3-4 and C6-7 without significant compression of the spinal cord. (*Id*. at 482) The MRI results do not equate to a finding of more than a minimal limitation on Mr. Gray's ability to perform basic work activities.

Lucy Sauer, M.D., and William Harrison, M.D., state agency medical consultants, reviewed Mr. Gray's file. (*Id*. at 102-09, 119-27) Dr. Harrison reviewed the file on reconsideration, when most of the medical evidence in the record was available. He affirmed Dr. Sauer's opinion that Mr. Gray did not have a severe physical impairment. (*Id*. at 127) The ALJ properly considered Dr. Harrison's opinion and did not err by giving it substantial weight, because it was more consistent with the objective medical evidence. *Anderson v. Astrue,* 696 F.3d 790, 793 (8th Cir. 2012) (an ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence).

Finally, Mr. Gray's daily activities during the relevant time period included caring for his disabled wife and granddaughter, taking care of a dog, checking on elderly relatives, occasionally doing yardwork, performing automobile and household repairs, driving, and shopping. (*Id.* at 41-51, 70, 74-75, 81-83, 292-94, 311-14, 374, 426) Mr. Gray was entitled to free medical treatment at the V.A. hospital, but rarely visited the facility and treated his alleged symptoms with over-the-counter medication. (*Id.* at 38, 76-78, 412, 423, 431, 434)

The record also indicates that Mr. Gray quit his job to take care of his father-in-law, not due to an inability to work. In fact, he held himself out as able to work as evidenced by his application for unemployment benefits. (*Id.* at 41-51, 65-66, 273) These were factors the ALJ could properly consider when discounting Mr. Gray's allegations of disabling pain. *Goff v. Barnhart*, 421 F.3d 785, 792 (8th Cir. 2005) (failure to take medications for pain, working, and stopping work for reasons other than medical condition are factors the ALJ may consider when weighing allegations of disabling pain). The ALJ did not err in finding Mr. Gray's neck pain was not severe.

Mr. Gray also claims the ALJ erred when he found that Mr. Gray's hearing loss was not severe, but he has not met his burden of establishing severe impairment. A February, 2014 hearing test showed that Mr. Gray had 96% and 98% speech discrimination scores in his right and left ears, respectively; normal audiologic findings, and no tinnitus. (*Id.* at 397-401) The VA audiologist found that Mr. Gray did not have hearing loss that affected his ordinary activities of daily life, including the ability to work.

(*Id.* at 401) Notes made by Dr. Subramanium during his consultative examination indicated that Mr. Gray could hear normal conversation and had only mild, episodic hearing loss. (*Id.* at 414) An audiogram performed at Ozark Mountain Ear, Nose, & Throat showed low-frequency asymmetric sensorineural hearing loss with bilateral severe symmetric sensorineural hearing loss. (*Id.* at 431, 437) An MRI two weeks later showed no acoustic neuroma and was unremarkable. (*Id.* at 438) J. Travis Brawner, M.D., recommended a low sodium diet. (*Id.* at 435)

The ALJ noted that Mr. Gray did not exhibit a problem hearing during the administrative hearing. (*Id.* at 41, 51) This was not error. *Goff v. Barnhart*, 421 F.3d 785, 793 (8th Cir. 2005) (ALJ assessing speech impediment considered her ability to understand the claimant at the hearing); *Schouten v. Berryhill*, 685 F. App'x 500, 502 (8th Cir. 2017) (unpublished) (ALJ may properly rely on observation he makes during a hearing in making credibility determinations).

Based on this record, Mr. Gray has not met his burden of establishing that his hearing loss would have more than a minimal effect on his ability to perform basic work activities.

## IV. <u>Conclusion</u>:

Substantial evidence supports the ALJ's decision denying Mr. Gray's applications for disability insurance benefits and supplemental security income. The ALJ made no legal error. For these reasons, Mr. Gray's request for relief (#2) is DENIED, and the decision denying the application for benefits is AFFIRMED.

DATED this 29th day of January, 2018.

_____
UNITED STATES MAGISTRATE JUDGE